IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | : |
| | : CRIMINAL ACTION |
| vs. | : |
| | : No. 19-64-2 |
| JOHN DOUGHERTY, ROBERT HENON, *et al.* | : |

**DEFENDANT ROBERT HENON'S MOTION FOR SEVERANCE**

TO THE HONORABLE JEFFREY SCHMEHL, Judge of the United States District Court for the Eastern District of Pennsylvania:

Defendant Robert Henon, by and through his attorney, Brian J. McMonagle, submits the following motion requesting severance pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a).

1. The United States has issued a 116-count indictment in the instant case, charging eight individuals associated with Local 98 of the International Brotherhood of Electrical Workers ("Local 98") with a laundry list of political corruption offenses.

2. The eight charged defendants are: Local 98 Business Manager John Dougherty; City Councilman Robert Henon; Local 98 President Brian Burrows; Local 98 Training

Director Michael Neill; Local 98 Political Director Marita Crawford; Local 98 employee Nico Rodriguez; Local 98 employee Brian Fiocca; and Anthony Massa, owner of Massa Construction.

3.  The indictment, which spans 159 pages, alleges that the defendants engaged in: multiple conspiracies; the embezzlement of labor union assets; theft from employee benefits plan; wire fraud; false statements; falsification of union labor records; filing false federal income tax returns; accepting unlawful payment from an employer; honest services wire fraud; honest services mail fraud; and federal program bribery. The indictment can logically and factually be divided into three distinct categories of charges, as set forth below.

4.  The offenses charged in Counts 1-87 involve a conspiracy to embezzle labor union and employee benefits plan assets from the International Brotherhood of Electrical Workers, also known as Local 98. Mr. Henon is not charged with these offenses.

5.  According to the indictment, Local 98 Business Manager John Dougherty, Local 98 President Brian Burrows, Political Director Marita Crawford, and others allegedly conspired and agreed to embezzle Local 98 funds for their own personal use. The indictment allegedes that the so-called co-conspirators used union funds and credit cards to purchase personal goods and meals, and to pay for personal travel expenses and concert and sports tickets. The indictment further chargest fraudulent reimbursements for personal expenses and the use of Local 98 employees for personal tasks and errands.

6. The offenses charged in Counts 88-96 of the indictment involve a conspiracy between John Dougherty and George Peltz whereby Dougherty conspired with Peltz, the owner of MJK Electric, to accept unlawful payments from an employer in violation of the Labor Management Relations Act. Mr. Henon is not charged with these offenses.

The indictment alleges that for a four-year period between January 2012 until December 2016, Mr. Dougherty demanded and accepted money, products, and services from Peltz in exchange for: helping MJK Electric to become a preferred vendor with Comcast; causing Local 98's Job Recovery Fund to pay MJK Electric more than $1,600,000; causing local 98 to hire MJK Electric for projects at union facilities; steering other union contractor's electrical work to MJK Electric; and hiring a member of Peltz's family for a no-show job.

7. The offenses charged in Counts 97-116 of the indictment relate to an alleged conspiracy between John Dougherty and Philadelphia City Councilman Robert Henon, who is not charged elsewhere in the indictment, to commit honest services fraud and federal program bribery. The indictment alleges that at Mr. Dougherty's request, Councilman Henon: abused his power to discourage the use of non-union labor at Children's Hospital of Philadelphia; allowed Dougherty to influence a franchise agreement with Comcast; drafted legislation and resolution that favored Dougherty's interests; and abused his City Council position to threaten Dougherty's political opponents.

8. Pursuant to Fed. R. Crim. P. 8(b), an indictment may only charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions.

9. Each of these three discrete conspiracies and their related charges are misjoined under Fed. R. Crim. P. 8(b), since they involve different participants, different witnesses, and have no evidence in common.

10. Mr. Henon will not receive a fair trial if he is forced to defend himself at a joint trial with other co-defendants who are alleged to be involved in wide ranging federal offenses for which Mr. Henon is not accused.

11. Given the sheer volume of evidence not applicable to Mr. Henon, the jury will not be able to properly compartmentalize the evidence. Moreover, Mr. Henon will be prejudiced by the spillover of evidence of alleged criminality for which he is not charged. Certainly, a jury hearing the evidence in a single trial on all 116 counts would likely find it impossible to keep straight the evidence presented on each count, and the evidence presented involving embezzlement and unlawful payments will create a spillover effect, increasing the specter of guilt by association.

12. Further, joinder of the three conspiracies in a single indictment fails to promote the efficient administration of justice, which is the primary justification for joinder of offenses. Since the conspiracies involve different witnesses and evidence, there will be no conservation of judicial resources by trying these unrelated crimes in a single trial.

13. Accordingly, defendant Henon respectfully asks this Court to determine that severance is warranted under Fed. R. Crim. P. 14, which allows the Court to order separate

trials of counts "if the joinder of offenses or defendants in an indictment…appears to prejudice a defendant or the government."

WHEREFORE, for these reasons, as well as those discussed in defendant's accompanying memorandum of law, Mr. Henon respectfully asks this Court to order severance of Counts 1-96 from Counts 97-116 of the indictment.

Respectfully submitted,

S/ BRIAN J. MCMONAGLE
Brian J. McMonagle, Esquire
MCMONAGLE, PERRI, MCHUGH, &
MISHAK, P.C.
1845 Walnut Street, 19th Floor
Tel: (215) 981-0999; Fax: (215) 981-0977

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | : |
| | : |
| | : CRIMINAL ACTION |
| vs. | : |
| | : No. 19-64-2 |
| JOHN DOUGHERTY, ROBERT HENON *et al.* | : |
| | : |
| | : |
| | : |

**DEFENDANT ROBERT HENON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SEVERANCE**

TO THE HONORABLE JUDGE JEFFREY SCHMEHL of the United States District Court for the Eastern District of Pennsylvania:

Defendant Robert Henon, by and through his attorney, Brian J. McMonagle, hereby submits the following motion and memorandum of law in support of his request for severance pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a).

## I. INTRODUCTION

In January 2019, a grand jury returned a 116-count indictment charging Local 98 of the International Brotherhood of Electrical Workers ("Local 98") Business Manager John Dougherty, City Councilman Robert Henon, five Local 98 employees and a local

business owner with a laundry list of federal crimes including embezzlement, wire fraud, and public corruption offenses.

The indictment alleged that from April 2010 through August 2016, seven of the eight defendants – John Dougherty, Brian Burrows, Michael Neill, Marita Crawford, Niko Rodriguez, Brian Fiocca and Anthony Massa – conspired to embezzle and steal money and other assets belonging to Local 98 and its Apprentice Training Fund for their own personal use and the use of their families, friends, and commercial businesses. The defendants allegedly: used union funds for personal and other unauthorized expenses; used Local 98 credit cards to pay for personal travel expenses, goods, restaurant meals, concert and sporting event tickets; used Local 98 employees for personal errands and home improvement projects; and paid family members and friends for no-show jobs. As a result of these alleged acts carried out in furtherance of this conspiracy, the seven above-named defendants were charged with, *inter alia*, embezzlement and theft of labor union assets, wire fraud theft, falsification of annual reports, filing false federal income tax returns, theft from an employee benefit plan, and making false statements to the FBI.

John Dougherty was also charged in a second conspiracy to accept unlawful payments from an employer pursuant to 18 Pa.C.S. § 371. According to the indictment, Mr. Dougherty accepted money and items of value from George Peltz, the owner of MJK Electric, an electrical construction company. The indictment alleges that in exchange for these items, Dougherty steered union contractor's electrical work to MJK Electric and helped the company become a preferred vendor with Comcast, which resulted in contractor fees of more than $2,000,000.

John Dougherty and Councilman Henon were also charged in a third, unrelated conspiracy. According to the indictment, from May 2015 to September 2016, Dougherty and Henon allegedly conspired to defraud the citizens of Philadelphia of the right to Henon's honest services as a Philadelphia City Councilman and to engage in Federal Program bribery. The indictment alleged that Mr. Dougherty gave Mr. Henon money and items of value to influence him in his capacity as a member of City Council so that Mr. Henon would do Dougherty's bidding. The indictment alleges that at Mr. Dougherty's direction, Councilman Henon allegedly caused the Department of Licenses and Inspections to shut down operations where non-union laborers were involved in construction work and advocated for legislation that was favorable to Mr. Dougherty's personal, professional and financial interests.

Given the disparate nature of these three discrete conspiracies, which involve different objectives and participants, defendant Henon respectfully submits that Counts 97 – 116 were improperly misjoined with Counts 1 – 96 and must be severed pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a).

## II.     APPLICABLE LEGAL STANDARDS AND ANALYSIS

### A.     Federal Rule of Criminal Procedure 8(b) Mandates Severance

Federal Rule of Criminal Procedure 8(b), which governs the joinder of defendants in criminal trials, provides as follows:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

3

Fed.R.Crim.P. 8(b).

As Rule 8(b) makes clear, joinder of counts in a single multi-defendant indictment is permissible only when the counts involve "the same act or transaction, or the same series of acts or transactions, constituting an offense or offenses." *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003); *United States v. Somers*, 496 F.2d 723, 730 (3d Cir. 1974) (offenses joined must "constitute a single series of acts or transactions"). To meet this standard the indictment must show, at a minimum, that the charges involve a "common scheme or plan." *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991).

Rule 8(b) is "less permissive" than Rule 8(a), which governs the joinder of counts against a single defendant. *Id.*, 935 F.2d at 570. Pursuant to Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions,' before joinder of defendants in a multiple-defendant trial is proper." *United States v. Jiminez,* 513 F.3d 62, 82-83 (3d Cir. 2008). *See also United States v. Nettles*, 570 F.2d 547, 551 (5th Cir. 1978) (when the nexus between two different groups is limited to a few individuals common to each, but those individuals allegedly commit separate acts which involve them in separate offenses with no common aim, the requisite substantial identity of facts is not present and joinder is improper"). When there is no substantive commonality, counts are misjoined and severance is mandatory under Rule 8(b), even without a showing of prejudice. *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986).

The first question this Court must therefore resolve is whether the acts charged in the indictment are "the same series of acts or transactions constituting offenses[.]" *United*

States v. Velasquez, 772 F.2d 1348, 1353 (7th Cir. 1985). In *Velasquez*, the Court of Appeals for the Seventh Circuit considered whether separate conspiracies could be considered the "same series of transactions" within the meaning of Rule 8(b). After examining case law from a number of federal courts of appeal, the *Velasquez* Court explained the meaning of the phrase "the same series of acts or transactions" in Rule 8(b):

> The usual meaning is acts or transactions that are pursuant to a common plan or common scheme, *see e.g., United States v. Cavale, supra*, 688 F.2d at 1106; *United States v. Scott*, 413 F.2d 932, 935 (7th Cir. 1969); *United States v. Lane*, 735 F.2d 799, 805 (5th Cir. 1984), which is to say (in the usual case) that the acts or transactions are part of a single conspiracy, *see Id.* So viewed, Rule 8(b) codifies the long-standing principle of trying conspirators together but does not open the door to mass trials – does not, for example, allow all tax evaders whose last names begin with "V" to be tried together, or all tax evaders who have the same zip code, or use the same accountant. *See United States v. Whitehead*, 539 F.2d 1023, 1025 (4th Cir. 1976). The indictment need not charge a single overarching conspiracy, provided the separate conspiracies it charges arise from a common plan or scheme and so could alternatively have been charged as a single conspiracy. But the mere fact that the two conspiracies have overlapping memberships will not authorize a single indictment if the conspiracies cannot be tied together into one conspiracy, one common plan or scheme. Misjoinder was found on this basis for two unrelated "torch" jobs involving two of the same conspirators in *United States v. Lane, supra*, and for an indictment that charged both defendants with heroin offenses and one with an unrelated cocaine offense in an overlapping time period in *United States v. Hatcher*, 680 F.2d 438, 440-41 (6th Cir. 1982). *See also United States v. Bledsoe*, 674 F.2d 647, 654-56 (8th Cir. 1982); *United States v. Martin*, 567 F.2d 849, 853 (9th Cir. 1977).

*Id.* Applying this analysis, it is clear that there was misjoinder in the instant case. The alleged Dougherty/Henon conspiracy to defraud the citizens of Philadelphia of their right to Councilman Henon's honest services cannot by any stretch of the imagination be considered part of the "same act or series of transactions" as the embezzlement conspiracy – involving every other defendant but Henon – to allegedly steal and misappropriate the assets of Local 98 and its Apprentice Training Fund or the conspiracy to accept unlawful

payments from an employer. Even the indictment itself does not allege, directly or by implication, that Counts 97-116 are related to or in furtherance of the broad embezzlement conspiracy set forth in Counts 1-87 or the unlawful payments from an employer conspiracy set forth In Counts 88-96. The 20 counts involving defendant Henon are unrelated to the misappropriation of union assets, involve a completely different timeframe, implicate the conduct of different parties, and will require different evidence and proof of facts unrelated to any of the other charges. Accordingly, pursuant to Rule 8(b) these 20 counts must be severed from this case and tried separately.

### B. COUNTS 97-116 SHOULD BE SEVERED UNDER CRIMINAL RULE OF PROCEDURE 14 TO AVOID THE PREJUDICE THAT WOULD RESULT FROM A JOINT TRIAL.

Even if this Court determines that joinder was proper under Rule 8(b), defendant Henon respectfully asks this Court to exercise its discretion to grant severance pursuant to Federal Rule of Criminal Procedure 14. Rule 14 authorizes a court to order separate trials of counts or sever the defendants' trials "if the joinder of offenses or defendants in an indictment... appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). In exercising its discretion with respect to a Rule 14 motion, the court must "balance the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy." *United States v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989).

Among the factors a court must weigh in considering a severance under Rule 14 are: the number of counts; the complexity of the indictment; the estimated length of the trial; disparities in the degrees of involvement by defendants in the overall scheme; possible conflicts between various defense theories or trial strategies; and especially, prejudice from

6

evidence admitted only against co-defendants but which is inadmissible or excluded as to a particular defendant. *United States v. Gallo*, 668 F. Supp. 736, 749 (E.D.N.Y. 1987).

Here, a number of factors weigh heavily in favor of severance of Counts 97-116 from Counts 1-96 of the indictment under Rule 14. First, because Counts 97-116 are not connected in any logical way to Counts 1-87 involving the embezzlement conspiracy or Counts 88-96 involving the unlawful payments conspiracy, evidence related to those conspiracies would not be admissible at a separate trial on the counts involving the right to honest services fraud conspiracy. If severance is not granted, the jury will face the difficult task of trying to separate weeks – or more likely months – of evidence pertaining to theft and misappropriation of Local 98's assets, without cumulating the evidence or inferring criminal wrongdoing on Mr. Henon's part. It would be incredibly difficult for the jury to compartmentalize the evidence as to each Count, preventing it from making a reliable determination about Mr. Henon's guilt or innocence. A jury hearing the evidence in a single trial on all 116 counts would likely find it impossible to keep straight the evidence presented on each count, and the evidence presented involving embezzlement and unlawful payments will create a spillover effect, increasing the "specter of guilt by association – or, more likely, guilt by confusion." *United States v. Gallo, supra*, 668 F. Supp. At 750. *See also Zafiro v. United States,* 506 U.S. 534, 539 (1993) (substantial prejudice may exist in cases where "defendants are tried together in a complex case and…have markedly different degrees of culpability").

Further, joinder of Counts 1-96 with Counts 97-116 fails to promote the efficient and economical administration of justice, which is the primary justification for joinder of offenses in a single indictment. *See Eufrasio, supra*, 935 F.2d at 568 (a judicial economy

7

analysis should focus on whether the "same evidence would be presented at separate trials of defendants charged with a single conspiracy"). Instead of promoting judicial efficiency, a single trial here would needlessly lengthen and complicate the resolution of each defendant's guilt with respect to his or her involvement in three different conspiracies. Since there is simply no logical or temporal relationship between the conspiracies and no identity of facts or principles to show that the conspiracies are part of a larger common scheme or plan, the joinder of Counts 1-96 and Counts 97-116 in a single indictment frustrates the very purpose behind joinder – the efficient administration of justice. Accordingly, defendant Henon respectfully asks this Court to determine that Counts 97-116 are misjoined as a matter of law and asks this Court to sever them from the instant indictment.

### III. CONCLUSION

For all of the above-stated reasons, defendant Henon respectfully asks this Court to determine that pursuant to Rule 8(b), Counts 1-96 of the indictment are improperly joined with Counts 97-116. In the alternative, Mr. Henon asks this Court to exercise its discretion under Rule 14 and order severance of the above-mentioned counts.

Respectfully submitted,

S/ BRIAN J. MCMONAGLE
Brian J. McMonagle, Esquire
MCMONAGLE, PERRI, MCHUGH, &
MISHAK, P.C.
1845 Walnut Street, 19th Floor
Tel: (215) 981-0999; Fax: (215) 981-0977

8

## CERTIFICATE OF SERVICE

**BRIAN J. MCMONAGLE, Esquire**, hereby certifies that a true and correct copy of the within Motion has been filed and served electronically.

s/BRIAN J. MCMONAGLE, ESQUIRE
**BRIAN J. MCMONAGLE, ESQUIRE**
**Attorney for defendant**
**1845 Walnut Street, 19th floor**
**Philadelphia, PA 19103**
**(215) 981-0999; Fax (215) 981-0977**

**DATED: April 9, 2019**